**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERTO TEJADA, <br><br> Plaintiff <br><br> v. <br><br> OLD TOWN SSA #48 *d/b/a* OLD TOWN MERCHANTS & RESIDENTS ASSOCIATION, E.G. SECURITY SERVICES INC., an Illinois corporation, and UNKNOWN SECURITY GUARDS, <br><br> Defendants. | Case No. 24-cv-4812 |

## COMPLAINT

NOW COMES the Plaintiff, ROBERTO TEJADA, by and through his attorneys, Blake Horwitz, Esq. and Hayden Dinges, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of the Defendants, OLD TOWN SSA #48 *d/b/a* OLD TOWN MERCHANTS & RESIDENTS ASSOCIATION, E.G. SECURITY SERVICES INC., an Illinois corporation, and UNKNOWN SECURITY GUARDS, states as follows:

### I. JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### II. PARTIES

2. PLAINTIFF ROBERTO TEJADA ("PLAINTIFF") is a resident of the State of Illinois.

3. PLAINTIFF lives in Chicago's Old Town neighborhood.

1

4. DEFENDANT OLD TOWN SSA #48, doing business as OLD TOWN MERCHANTS & RESIDENTS ASSOCIATION ("DEFENDANT OLD TOWN"), is special service area servicing Chicago's Old Town neighborhood.

5. DEFENDANT OLD TOWN is a public entity funded by local property owners.

6. DEFENDANT OLD TOWN was established by City of Chicago ordinances and the State of Illinois SSA Tax Act.

7. E.G. SECURITY SERVICES INC. ("DEFENDANT EG") is an Illinois corporation.

8. DEFENDANT EG provides security services, including physical security, to entities, including government entities.

9. At all relevant times, DEFENDANT UNKNOWN SECURITY GUARDS ("UNKNOWN DEFENDANTS") were agents and/or employees of DEFENDANT EG.

10. On information and belief, DEFENDANT OLD TOWN contracted with DEFENDANT EG from at least March 2023 to December 2023, to provide security services to the public in the Old Town neighborhood.

11. At all relevant times, UNKNOWN DEFENDANTS were acting on behalf of DEFENDANT OLD TOWN pursuant to a contract entered into between DEFENDANT EG and DEFENDANT OLD TOWN.

12. At all relevant times, UNKNOWN DEFENDANTS were acting as agents of DEFENDANT OLD TOWN.

13. At all relevant times, UNKNOWN DEFENDANTS patrolled the Old Town neighborhood providing security services pursuant to a contract entered into between DEFENDANT EG and DEFENDANT OLD TOWN.

## II.    FACTS

3. During the early morning hours of September 23, 2023, PLAINTIFF was at a bar, Lady Gregory's, 1525 N. Wells Street, in Old Town.

4. PLAINTIFF eventually left the bar and walked down Well Street to a hot dog establishment, Dog House Grill, 1534 N. Wells Street, in Old Town to get food.

5. Both Lady Gregory's and Dog House Grill are within the boundaries of DEFENDANT OLD TOWN's special service area.

6. UNKNOWN DEFENDANTS were at the Dog House Grill when PLAINTIFF arrived.

7. UNKNOWN DEFENDANTS consisted of six individuals all wearing bulletproof vests with "SSA 48" on the back.

8. UNKNOWN DEFENDANTS consisted of six individuals all wearing patches resembling badges on their shoulders.

9. One or more UNKNOWN DEFENDANTS were wearing bulletproof vests with "SSA 48" on the back.

10. One or more UNKNOWN DEFENDANTS were wearing patches resembling badges on their shoulders.

11. One or more UNKNOWN DEFENDANTS had handcuffs.

12. One or more UNKNOWN DEFENDANTS had radios on their belts.

13. One or more UNKNOWN DEFENDANTS had a firearm on their belts.

14. One or more UNKNOWN DEFENDANTS resembled police officers.

15. One or more UNKNOWN DEFENDANTS were providing services in Old Town akin to those a police officer performs.

16. While PLAINTIFF was in line at the hot dog shop ordering food, one or more UNKNOWN DEFENDANTS approached him.

17. While PLAINTIFF was in line at the hot dog shop ordering food, one or more UNKNOWN DEFENDANTS approached him unprompted.

18. When PLAINTIFF was in line ordering food, one or more of the UNKNOWN DEFENDANTS pushed PLAINTIFF into another customer at the hot dog shop.

19. PLAINTIFF promptly received his food in a bag and attempted to exit the hot dog shop.

20. As PLAINTIFF was attempting to exit the hot dog shop, UNKNOWN DEFENDANTS approached him.

21. When UNKNOWN DEFENDANTS approached PLAINTIFF, they accused PLAINTIFF of groping a woman.

22. When UNKNOWN DEFENDANTS accused PLAINTIFF of groping a woman, they did not specify when or where this occurred.

23. PLAINTIFF never groped any woman.

24. PLAINTIFF did not know what UNKNOWN DEFENDANTS were referring to when they accused him of groping a woman.

25. PLAINTIFF denied ever groping a woman.

26. PLAINTIFF told UNKNOWN DEFENDANTS that he never groped a woman.

27. PLAINTIFF then left the hot dog shop.

28. PLAINTIFF left the hot dog shop after being pushed by one or more of the UNKNOWN DEFENDANTS.

29. PLAINTIFF left the hot dog shop after being accused by one or more of the UNKNOWN DEFENDANTS of groping a woman.

30. UNKNOWN DEFENDANTS also left the hot dog shop and began following PLAINTIFF.

31. As PLAINTIFF walked away from the hot dog shop down Wells Street, UNKNOWN DEFENDANTS followed him.

32. Upon noticing that UNKNOWN DEFENDANTS were following him, PLAINTIFF gestured to UNKNOWN DEFENDANTS with his hand waving for them to go away.

33. PLAINTIFF gestured to UNKNOWN DEFENDANTS with his hand as a signal for them to stop following him and to leave him alone.

34. UNKNOWN DEFENDANTS then rushed towards PLAINTIFF.

35. One or more UNKNOWN DEFENDANTS grabbed PLAINTIFF's shoulder.

36. One or more UNKNOWN DEFENDANTS grabbed PLAINTIFF's shoulder as the other UNKNOWN DEFENDANTS encircled him.

37. One or more UNKNOWN DEFENDANTS kicked the bag of food PLAINTIFF had in his hand.

38. One or more UNKNOWN DEFENDANTS kicked the bag of food PLAINTIFF had in his hand in an effort to antagonize PLAINTIFF.

39. Upon rushing PLAINTIFF, one or more UNKNOWN DEFENDANTS pushed PLAINTIFF.

40. Upon rushing PLAINTIFF, one or more UNKNOWN DEFENDANTS punched PLAINTIFF.

41. One or more UNKNOWN DEFENDANTS punched PLAINTIFF more than once.

42. One or more UNKNOWN DEFENDANTS punched PLAINTIFF multiple times.

43. One or more UNKNOWN DEFENDANTS punched PLAINTIFF in the face.

44. One or more UNKNOWN DEFENDANTS repeatedly punched PLAINTIFF for over one minute.

45. One or more UNKNOWN DEFENDANTS repeatedly punched PLAINTIFF for approximately two minutes.

46. After punching PLAINTIFF, one or more UNKNOWN DEFENDANTS tackled PLAINTIFF to the ground.

47. When one or more UNKNOWN DEFENDANTS tackled PLAINTIFF to the ground, one or more UNKNOWN DEFENDANTS continued to punch him.

48. When one or more UNKNOWN DEFENDANTS tackled PLAINTIFF to the ground, one or more UNKNOWN DEFENDANTS put their body weight on top of PLAINTIFF.

49. When one or more UNKNOWN DEFENDANTS tackled PLAINTIFF to the ground, three to four UNKNOWN DEFENDANTS put their body weight on top of PLAINTIFF.

50. One or more UNKNOWN DEFENDANTS pinned PLAINTIFF to the ground with their bodies, hands, and feet.

51. PLAINTIFF was screaming for help as one or more UNKNOWN DEFENDANTS pinned him to the ground.

52. When PLAINTIFF was pinned to the ground by one or more UNKNOWN DEFENDANTS, half of PLAINTIFF'S body was on the sidewalk and the other half was in the street with his back on top of the curb.

53. When one or more UNKNOWN DEFENDANTS tackled PLAINTIFF to the ground, one or more UNKNOWN DEFENDANTS began trying to place handcuffs on PLAINTIFF.

54. When one or more UNKNOWN DEFENDANTS tackled PLAINTIFF to the ground, one or more UNKNOWN DEFENDANTS began twisting his arms behind his back in an effort to place handcuffs on PLAINTIFF.

55. As PLAINTIFF was being attacked by one or more UNKNOWN DEFENDANTS, he asked them to call police.

56. As PLAINTIFF was being attacked by one or more UNKNOWN DEFENDANTS, he asked them to call police as one or more UNKNOWN DEFENDANTS observed this and did nothing to help PLAINTIFF.

57. UNKNOWN DEFENDANTS refused to call the police.

58. Numerous bystanders began gathering and taking videos of the encounter between PLAINTIFF and UNKNOWN DEFENDANTS.

59. The videos show one or more UNKNOWN DEFENDANTS punching and pinning PLAINTIFF to the ground as other UNKNOWN DEFENDANTS tried to place him in handcuffs.

60. The videos show one or more UNKNOWN DEFENDANTS punching and pinning PLAINTIFF to the ground as other UNKNOWN DEFENDANTS twisted his arms behind his back and tried to place him in handcuffs.

61. Numerous bystanders began shouting at UNKNOWN DEFENDANTS: "What are you doing?!"

62. Numerous bystanders began shouting at UNKNOWN DEFENDANTS: "Stop!"

7

63. Numerous bystanders began shouting at UNKNOWN DEFENDANTS: "Let him go!"

64. As PLAINTIFF was being attacked by one or more UNKNOWN DEFENDANTS, he begged bystanders to call the police.

65. As PLAINTIFF was being attacked by one or more UNKNOWN DEFENDANTS, he feared for his life.

66. Two Chicago police officer eventually arrived on the scene in a police cruiser marked #9317.

67. When the police arrived, one or more UNKNOWN DEFENDANTS were still attacking PLAINTIFF.

68. One police officer said to UNKNOWN DEFENDANTS, "Relax, let him go" to make one or more of the UNKNOWN DEFENDANTS remove themselves from PLAINTIFF'S body.

69. The Chicago police officers ordered one or more UNKNOWN DEFENDANTS to remove the handcuffs from PLAINTIFF.

70. UNKNOWN DEFENDANTS expressed reluctance to remove the handcuffs from PLAINTIFF.

71. When one of the UNKNOWN DEFENDANTS was removing the handcuffs from PLAINTIFF, he stabbed PLAINTIFF with the key.

72. When one of the UNKNOWN DEFENDANTS stabbed PLAINTIFF with the handcuff key, it was in front of the Chicago police officers on the scene.

73. The Chicago police officers did not arrest or charge PLAINTIFF with any crime whatsoever.

74. The Chicago police officers did not admonish PLAINTIFF in any way.

75. On information and belief, no police report was ever generated for this incident where one or more UNKNOWN DEFENDANTS attacked PLAINTIFF.

76. PLAINTIFF did nothing wrong when he was interacting with UNKNOWN DEFENDANTS.

77. PLAINTIFF did nothing wrong when he was interacting with Chicago police.

78. An ambulance soon arrived on scene to treat PLAINTIFF for bruises, gashes, and lacerations.

79. Later on September 23, 2023, PLAINTIFF went to Northwestern Medicine Immediate Care, 635 N Fairbanks Court.

80. Medical professionals diagnosed PLAINTIFF with a broken rib.

81. Medical professionals diagnosed PLAINTIFF with bruising.

82. Medical professionals diagnosed PLAINTIFF with lacerations.

83. PLAINTIFF suffered a broken rib from the attack by one or more UNKNOWN DEFENDANTS.

84. PLAINTIFF suffered numerous cuts, bruises, and gashes from the attack by one or more UNKNOWN DEFENDANTS.

85. PLAINTIFF received physical therapy at Advocate Health, 3021, N. Sheffield Avenue, for injuries to his shoulder and wrist.

86. PLAINTIFF received physical therapy at Advocate Health, 3021, N. Sheffield Avenue, for injuries to his shoulder and wrist that he suffered from the attack by one or more UNKNOWN DEFENDANTS.

87. PLAINTIFF continues to receive physical therapy at Advocate Health, 3021, N. Sheffield Avenue, for injuries to his shoulder and wrist.

88. PLAINTIFF continues to receive physical therapy at Advocate Health, 3021, N. Sheffield Avenue, for injuries to his shoulder and wrist that he suffered from the attack by one or more UNKNOWN DEFENDANTS.

89. PLAINTIFF suffered nerve damage to his shoulder from the attack by one or more UNKNOWN DEFENDANTS.

90. PLAINTIFF suffered nerve damage to his wrist from the attack by one or more UNKNOWN DEFENDANTS.

91. PLAINTIFF suffered emotional injuries from the attack by one or more UNKNOWN DEFENDANTS.

92. One or more UNKNOWN DEFENDANTS caused PLAINTIFF's injuries by attacking him.

93. UNKNOWN DEFENDANTS had no valid basis to attack PLAINTIFF.

94. PLAINTIFF's injuries from the attack continue to affect him to this day.

95. One week later, around September 29, 2023, PLAINTIFF was walking on Wells Street in Old Town near where the first attack occurred.

96. One or more of the same UNKNOWN DEFENDANTS began following PLAINTIFF.

97. All of the same UNKNOWN DEFENDANTS began following PLAINTIFF.

98. One or more UNKNOWN DEFENDANTS began chasing PLAINTIFF down Wells Street.

99. PLAINTIFF was in fear for his life while he was being chased by one or more UNKNOWN DEFENDANTS.

100. PLAINTIFF was able to escape UNKNOWN DEFENDANTS by hiding in an ice cream shop and then inside a bar.

101. PLAINTIFF eventually escaped from UNKNOWN DEFENDANTS by cutting through a parking lot and hiding.

102. PLAINTIFF called 911 after being chased by UNKNOWN DEFENDANTS.

103. Chicago police never arrived despite telling PLAINTIFF they were on their way.

104. PLAINTIFF then ran home still fearing for his life.

105. Because of the attack by one or more UNKNOWN DEFENDANTS, PLAINTIFF is now scared to leave his home in Old Town.

106. Because of the attack by one or more UNKNOWN DEFENDANTS, PLAINTIFF is now scared to walk around the Old Town neighborhood.

107. PLAINTIFF fears a future attack by one or more UNKNOWN DEFENDANTS should he encounter them again.

### COUNT I
### §1983 Fourth Amendment Seizure
### (AGAINST UNKNOWN DEFENDANTS)

108. PLAINTIFF realleges paragraphs 1 - 107 as though fully set forth herein.

109. During the relevant time period, UNKNOWN DEFENDANTS were acting as state actors by wearing uniforms that resembled police while providing physical security services in the Old Town Neighborhood.

110. On or around September 23, 2023, UNKNOWN DEFENDANTS detained PLAINTIFF without lawful authority or probable cause.

111. PLAINTIFF was not free to leave while being pinned to the ground and handcuffed by UNKNOWN DEFENDANTS.

112. The actions of UNKNOWN DEFENDANTS directly and proximately caused PLAINTIFF to suffer, without limitation, pain and suffering, humiliation, emotional distress, and mental anguish.

113. The actions of UNKNOWN DEFENDANTS were the direct and proximate cause of the injuries that PLAINTIFF sustained as a result of UNKNOWN DEFENDANTS violating PLAINTIFF's constitutional rights, alleged above.

WHEREFORE, PLAINTIFF respectfully requests that this Court award PLAINTIFF compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable.

**COUNT II**
**§1983 Fourth Amendment Excessive Force**
**(AGAINST UNKNOWN DEFENDANTS)**

114. PLAINTIFF realleges paragraphs 1 - 107 as though fully set forth herein.

115. UNKNOWN DEFENDANTS used excessive force onto the body of the PLAINTIFF and/or failed to intervene in the use of said force on or around September 23, 2023.

116. One or more UNKNOWN DEFENDANTS was in close proximity to PLAINTIFF while one or more UNKNOWN DEFENDANT used unreasonable force onto the body of the PLAINTIFF and given their proximity could have intervened while observing the use of unreasonable force, but failed to do so.

117. The use of excessive force by one or more UNKNOWN DEFENDANT and the failure to intervene in the use of said force by one or more UNKNOWN DEFENDANT amounted

to an unreasonable seizure of PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

118. The aforementioned actions of one or more UNKNOWN DEFENDANT were the direct and proximate cause of the constitutional violations set forth above and caused PLAINTIFF to suffer physical injury, pain and suffering, humiliation, and emotional distress.

WHEREFORE, PLAINTIFF respectfully requests that this Court award PLAINTIFF compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable.

## COUNT III
## Indemnification Pursuant to 745 ILCS 10/9-102
## (AGAINST DEFENDANT OLD TOWN)

119. PLAINTIFF realleges paragraphs 1 - 118 as though fully set forth herein.

120. DEFENDANT OLD TOWN contracted with DEFENDANT EG for its employees to provide services akin to traditional policing to the Old Town neighborhood.

121. DEFENDANT OLD TOWN was functioning the employer of UNKNOWN DEFENDANTS while DEFENDANT OFFICERS were acting pursuant to the contract between DEFENDANT EG and DEFENDANT OLD TOWN.

122. DEFENDANT OFFICERS, as alleged above, committed the acts under color of law in the scope of DEFENDANT EG's contract with DEFENDANT OLD TOWN.

123. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, DEFENDANT OLD TOWN is liable for any judgments for compensatory damages arising from UNKNOWN DEFENDANTS' actions.

WHEREFORE, should the UNKNOWN DEFENDANTS in their individual capacities, be

found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT OLD TOWN pay any judgement obtained against any of the UNKNOWN DEFENDANTS.

### COUNT IV
### Battery
### (AGAINST UNKNOWN DEFENDANTS)

124. PLAINTIFF realleges paragraphs 1 - 107 as though fully set forth herein.

125. One or more UNKNOWN DEFENDANTS touched the person of the PLAINTIFF in an offensive manner.

126. All UNKNOWN DEFENDANTS touched the person of the PLAINTIFF in an offensive manner.

127. PLAINTIFF did not consent to being touched by any UNKNOWN DEFENDANTS.

128. One or more UNKNOWN DEFENDANTS committed unlawful, offensive contact against the person of the PLAINTIFF.

129. All UNKNOWN DEFENDANTS committed unlawful, offensive contact against the person of the PLAINTIFF.

130. As a result of one or more of UNKNOWN DEFENDANT'S unlawful conduct, PLAINTIFF suffered and continues to suffer from emotional and psychological injuries, and physical injuries, among other damages.

WHEREFORE, PLAINTIFF prays for judgment against one or more UNKNOWN DEFENDANTS in an amount in excess of $50,000, including punitive damages, and such other additional relief as this Honorable Court deems just and equitable.

## COUNT V
## False Imprisonment
## (AGAINST UNKNOWN DEFENDANTS)

131. PLAINTIFF realleges paragraphs 1 – 107 as though fully set forth herein.

132. One or more UNKNOWN DEFENDANTS restricted PLAINTIFF'S movement.

133. One or more UNKNOWN DEFENDANTS restricted PLAINTIFF'S movement unreasonably and without probable cause.

134. PLAINTIFF'S personal freedom was curtailed against his wishes by one or more UNKNOWN DEFENDANTS.

135. PLAINTIFF'S detention by one or more UNKNOWN DEFENDANTS was unreasonable and unlawful.

136. As a result of one or more UNKNOWN DEFENDANTS' unlawful conduct, PLAINTIFF suffered and continues to suffer from emotional and psychological injuries, and physical injuries, among other damages.

WHEREFORE, PLAINTIFF prays for judgment against one or more UNKNOWN DEFENDANTS in an amount in excess of $50,000, including punitive damages, and such other additional relief as this Honorable Court deems just and equitable.

## COUNT VI
## Willful and Wanton Conduct
## (AGAINST UNKNOWN DEFENDANTS)

137. PLAINTIFF realleges paragraphs 1 – 107 as though fully set forth herein.

138. UNKNOWN DEFENDANTS agreed to and did undertake to provide security to the Old Town neighborhood as part of their duties as DEFENDANT AGB employees working under a contract DEFENDANT AGB entered into with DEFENDANT OLD TOWN.

139. UNKNOWN DEFENDANTS owed a duty of care to PLAINTIFF.

140. UNKNOWN DEFENDANTS owed a duty of care to PLAINTIFF to refrain from engaging in willful and wanton conduct.

141. One or more UNKNOWN DEFENDANTS breached their duty of care to PLAINTIFF by attacking PLAINTIFF on September 23, 2023, without any valid or legal basis.

142. One or more UNKNOWN DEFENDANTS committed willful and wanton conduct by attacking PLAINTIFF on September 23, 2023, without any valid or legal basis.

143. One or more UNKNOWN DEFENDANTS acted with deliberate intent to cause harm to PLAINTIFF by attacking PLAINTIFF on September 23, 2023.

144. One or more UNKNOWN DEFENDANTS acted with a conscious disregard for PLAINTIFF'S welfare by attacking PLAINTIFF on September 23, 2023.

145. The acts or omissions of one or more UNKNOWN DEFENDANTS proximately caused the injuries suffered by PLAINTIFF.

146. PLAINTIFF suffered damages from acts or omissions of one or more UNKNOWN DEFENDANTS.

WHEREFORE, PLAINTIFF prays for judgment against one or more UNKNOWN DEFENDANTS in an amount in excess of $50,000, including punitive damages, and such other additional relief as this Honorable Court deems just and equitable.

## COUNT VII
### *Respondeat Superior*
### (AGAINST DEFENDANT EG)

147. PLAINTIFF realleges paragraphs 1 – 107 and 124 – 146 as though fully set forth herein.

148. At all relevant times, DEFENDANT EG was the employer and or principal of UNKNOWN DEFENDANTS as their employer.

149. At all relevant times, UNKNOWN DEFENDANTS were employed by DEFENDANT EG.

150. UNKNOWN DEFENDANTS' conduct described in this Complaint occurred within the scope of their employment with DEFENDANT EG.

151. As UNKNOWN DEFENDANTS' employer, DEFENDANT EG is liable for their conduct committed within the scope of their employment.

WHEREFORE, should this Court find any UNKNOWN DEFENDANTS liable for any tortious conduct described in this Complaint, PLAINTIFF prays for judgment against DEFENDANT EG as their principal and employer pursuant to the doctrine of *respondeat superior* and such other additional relief as this Honorable Court deems just and equitable.

## COUNT VIII
### *Respondeat Superior/Agency Liability*
### (AGAINST DEFENDANT OLD TOWN)

152. PLAINTIFF realleges paragraphs 1 – 107 and 124 – 151 as though fully set forth herein.

153. DEFENDANT OLD TOWN entered into a contract with DEFENDANT EG to provide physical security services to and police the Old Town neighborhood.

154. DEFENDANT OLD TOWN entered into a contract with DEFENDANT EG to provide physical security services to and police the Old Town neighborhood, specifically the DEFENDANT OLD TOWN special service area.

155. At all relevant times, DEFENDANT EG was the employer and or principal of UNKNOWN DEFENDANTS as their employer.

156. At all relevant times, UNKNOWN DEFENDANTS were employed by DEFENDANT EG.

157. At all relevant times, UNKNOWN DEFENDANTS were acting pursuant to the contract entered into between their employer DEFENDANT EG and DEFENDANT OLD TOWN.

158. At all relevant times, UNKNOWN DEFENDANTS were acting under the actual authority granted to them pursuant to the contract entered into between their employer DEFENDANT EG and DEFENDANT OLD TOWN.

159. At all relevant times, UNKNOWN DEFENDANTS were acting under the apparent authority granted to them pursuant to the contract entered into between their employer DEFENDANT EG and DEFENDANT OLD TOWN.

160. At all relevant times, UNKNOWN DEFENDANTS were acting under the apparent authority granted to them pursuant to the contract entered into between their employer DEFENDANT EG and DEFENDANT OLD TOWN.

161. At all relevant times, UNKNOWN DEFENDANTS were functioning as police in the Old Town neighborhood.

162. UNKNOWN DEFENDANTS' conduct described in this Complaint occurred within the scope of their employment with DEFENDANT EG.

163. UNKNOWN DEFENDANTS' conduct described in this Complaint occurred within the scope of their contractual duties per the contract entered into between DEFENDANT AGB and DEFENDANT OLD TOWN.

164. As UNKNOWN DEFENDANTS' principal, DEFENDANT OLD TOWN is liable for their conduct committed within the scope of the contract entered into between DEFENDANT AGB and DEFENDANT OLD TOWN.

WHEREFORE, should this Court find any UNKNOWN DEFENDANTS liable for any tortious conduct described in this Complaint or DEFENDANT EG liable for any conduct described

in this Complaint, PLAINTIFF prays for judgment against DEFENDANT OLD TOWN as their principal under contract, pursuant to the doctrine of *respondeat superior* and such other additional relief as this Honorable Court deems just and equitable.

## JURY DEMAND

PLAINTIFF demands trial by a twelve-person jury.

Respectfully submitted,

*s/Blake Horwitz*
One of Plaintiff's Attorneys

*sHayden Dinges*
One of Plaintiff's Attorneys

Hayden Dinges, Esq.
Blake Horwitz, Esq.
The Blake Horwitz Law Firm, Ltd.
216 S. Jefferson St., Ste. 101
Chicago, IL 60661
Phone: (312) 676-2100
Fax: (312)445-8741
bhorwitz@bhlfattorneys.com
hdinges@bhlfattorneys.com